UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARVIN BLACKSHEAR,

     Plaintiff,

    v.          Case No. 25-cv-699-bbc

JANE DOES #1-3,

     Defendants.

---

## SCREENING ORDER

---

  Plaintiff Marvin Blackshear, who is currently serving a state prison sentence at the Chippewa Valley Correctional Treatment Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Blackshear's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

  Blackshear has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Blackshear has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $11.64. Therefore, the Court will grant Blackshear's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Blackshear was a Wisconsin Department of Corrections (DOC) prisoner, who transferred institutions several times. Dkt. No. 1. Defendants are Jane Doe Nurse #1 at the Sheboygan County Detention Center, Jane Doe Nurse #2 at the Dodge Correctional Institution, and Jane Doe Nurse #3 at the Sanger Powers Correctional Center. *Id*. at 5.

According to the complaint, Blackshear suffered an injury on his hand that became infected while at the Sheboygan County Detention Center. *Id*. at 2. Between June 26, 2024, and September 13, 2024, Jane Doe Nurse #1 ignored the infection and refused to treat it. *Id*. The untreated infection eventually required a trip to the Emergency Room (ER). *Id*. ER doctors cleaned the wound and prescribed medication but referred Blackshear to a hand specialist to make sure the infection cleared within a week. *Id*. at 2-3. Jane Doe Nurse #1 denied the referral to a hand specialist and also denied the recommendation for physical therapy. *Id*. at 3. Blackshear alleges that his hand never properly healed and it continues to cause him pain. *Id*.

On September 13, 2024, Blackshear transferred to the Dodge Correctional Institution. *Id*. Jane Doe Nurse #2 refused to see him in person to examine his hand despite continued pain from a possibly on-going infection. *Id*. Instead Jane Doe Nurse #2 just added his name to a "lengthy list" and prescribed Tylenol. *Id*. Jane Doe Nurse #2 later told him that he would just have to wait until his "next institution" for evaluation and diagnosis. *Id*.

On November 13, 2024, Blackshear transferred to the Sanger Powers Correctional Center. *Id*. Jane Doe Nurse #3 stated that they "did not have sufficient resources to deal with his issue."

3

*Id*. Blackshear's hand continued to deteriorate and it still causes him significant pain. *Id*. For relief, he seeks monetary damages. *Id.* at 4.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To state a claim, Blackshear "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Id*. at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health. *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Examples of deliberate indifference include ignoring a request for medical assistance; refusing to take instructions from a specialist; persisting in a course of treatment known to be ineffective; choosing an easier and less efficacious treatment

4

without exercising medical judgment; and delaying in treatment which serves no penological interest. *Petties v. Carter*, 836 F.3d 722, 729-31 (7th Cir. 2016).

An infected and painful wound is an objectively serious medical condition. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Moreover, Blackshear alleges that all three Jane Doe Nurses ignored his infection and refused to examine him in person, allowing the infection to fester. He alleges that they refused to send him to a hand specialist even though an ER doctor recommended that a specialist should confirm that the infection had cleared. Blackshear alleges that these circumstances have caused him significant pain and that his hand still does not work properly. Based on these allegations, the Court can reasonably infer that Jane Doe Nurses #1-3 may have been deliberately indifferent towards a serious medical condition. Therefore, Blackshear may proceed on an Eighth Amendment deliberate indifference claim against Jane Doe Nurses #1-3 in connection with the failure to treat his infected hand.

Because Blackshear does not know the real names of Jane Doe Nurses #1-3, the Court will name Sheriff Matt Spence of the Sheboygan County Detention Center, Warden Dan Cromwell of the Dodge Correctional Institution, and Superintendent Stephanie Cummings of the Sanger Powers Correctional Center as defendants for the limited purpose of helping Blackshear identify the defendants' real names. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Spence, Warden Cromwell, and Superintendent Cummings will be served with the complaint and a copy of this order. After each individual's attorney files an appearance in this case, Blackshear may serve discovery upon each individual by mailing it to their attorney at the address in the notice of appearance to get information that will help him identify the real names of Jane Doe Nurses #1-3. For example, Blackshear may serve interrogatories (written questions)

5

under Federal Rule Civil Procedure 33 or request documents under Federal Rule Civil Procedure 34.

Because Blackshear has not stated claims against Sheriff Spence, Warden Cromwell, and Superintendent Cummings, they do not have to respond to the complaint. Blackshear's discovery requests must also be limited to information or documents that will help him learn the real names of Jane Doe Nurses #1-3. Blackshear may not ask Sheriff Spence, Warden Cromwell, and Superintendent Cummings about any other topic, and they are under no obligation to respond to requests about any other topic.

After Blackshear discovers the real names of Jane Doe Nurses #1-3, he must file a motion to substitute their real names for the Doe placeholders. The Court will then dismiss Sheriff Spence, Warden Cromwell, and Superintendent Cummings from the case. Blackshear must identify Jane Doe Nurses #1-3 within **sixty days** of the attorneys filing an appearance in the case. If he does not do so or does not explain to the Court why he is unable to identify Jane Doe Nurses #1-3, the Court will dismiss the case based on his failure to diligently pursue it. *See* Civ. L. R. 41(c) (E.D. Wis.).

## CONCLUSION

The Court finds that Blackshear may proceed on an Eighth Amendment deliberate indifference claim against Jane Doe Nurses #1-3 in connection with the failure to treat his infected hand.

**IT IS THEREFORE ORDERED** that Blackshear's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sheriff Matt Spence of the Sheboygan County Detention Center, Warden Dan Cromwell of the Dodge Correctional Institution, and

Superintendent Stephanie Cummings of the Sanger Powers Correctional Center be named as Defendants for the limited purpose of helping Blackshear identify the real names of Jane Doe Nurses #1-3. The Clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that, under the informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Warden Cromwell and Superintendent Cummings.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Sheriff Matt Spence pursuant to Federal Rule of Civil Procedure 4. Blackshear is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Sheriff Spence, Warden Cromwell, and Superintendent Cummings do not have to respond to the complaint; however, they shall respond to discovery requests that Blackshear serves to identify the real names of Jane Doe Nurses #1-3. Sheriff Spence, Warden Cromwell, and Superintendent Cummings do not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Blackshear must identify the real names of Jane Doe Nurses #1-3 within **sixty days** of Sheriff Spence, Warden Cromwell, and Superintendent

Cummings' attorneys filing an appearance in this case. If Blackshear does not identify the real names of Jane Doe Nurses #1-3 by the deadline or advise the Court why he is unable to do so, the Court will dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the agency having custody of Blackshear shall collect from his institution trust account the **$338.36** balance of the filing fee by collecting monthly payments from Blackshear's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Blackshear is transferred to another institution, the transferring institution shall forward a copy of this Order along with Blackshear's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Blackshear is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Blackshear is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Blackshear may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on July 23, 2025.

s/ *Byron B. Conway*  
BYRON B. CONWAY  
United States District Judge